IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01251-BNB

JANE DOE, and
C. McCRACKEN,

    Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff Cherie McCracken initiated this action by filing *pro se* a Complaint (ECF No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  The Complaint also lists as a plaintiff in the caption an unidentified Jane Doe, only Cherie McCracken signed the Complaint.  On May 13, 2013, Magistrate Judge Boyd N. Boland entered an order directing Ms. McCracken to cure a deficiency if she wished to pursue her claims in this action.  Specifically, Magistrate Judge Boland advised Ms. McCracken that the affidavit in support of the motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 lacked specific financial information regarding income and expenses to determine whether Ms. McCracken qualifies to proceed *in forma pauperis* in this action.  Ms. McCracken was warned that the action would be dismissed without further notice if this deficiency was not cured within thirty days.

    On May 14, 2013, Ms. McCracken filed four motions (ECF Nos. 5-8) that are not

relevant to the deficiency identified by Magistrate Judge Boland and a document (ECF No. 9) containing additional information regarding the motion to proceed *in forma pauperis*. However, the document (ECF No. 9) still does not include specific financial information regarding income and expenses to determine whether Ms. McCracken qualifies to proceed *in forma pauperis* in this action. On May 31, 2013, Ms. McCracken filed a return of service (ECF No. 10). On June 12, 2013, Ms. McCracken filed a document that has been docketed as a motion for a hearing (ECF No. 11) that also is not relevant to the deficiency identified by Magistrate Judge Boland.

Ms. McCracken has failed to cure the deficiency within the time allowed because she has not provided sufficient financial information in support of the motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the Court to determine whether she qualifies to proceed *in forma pauperis* in this action. Therefore, the action will be dismissed without prejudice for failure to cure the deficiency.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal Plaintiff also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff Cherie McCracken failed to cure the deficiency as directed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   14th   day of      June      , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court